# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| IOENGINE, LLC, | § | |
| Plaintiff/Counterclaim Defendant | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 6:21-cv-01296-ADA-DTG |
| | § | |
| ROKU, INC., | § | |
| Defendant/Counterclaim Plaintiff. | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, Plaintiff/Counterclaim Defendant IOENGINE, LLC, and Defendant/Counterclaim Plaintiff Roku, Inc., hereafter referred to as the "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "CONFIDENTIAL -

ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" (each a "Confidentiality Designation"; collectively, "DESIGNATED MATERIAL"[1]),  The Confidentiality Designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For natively produced documents or other materials for which marking pages of the document is not possible, the Confidentiality Designation may be appended to the file name or attached to the Protected Material for which such protection is sought.   For deposition and hearing transcripts, the Confidentiality Designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as DESIGNATED MATERIAL.

2.   Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" or the like shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE," individually and collectively.

3.   With respect to documents, information, or material designated as DESIGNATED MATERIAL, subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.   A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating

Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least seven (7) days before access to the Protected Material is to be given to that consultant or expert in order to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure to the objected to consultant or expert shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

4

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE."

9.    For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.    For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g);[2] provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.    For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The stand-alone computer may be connected to a device capable of temporarily storing electronic copies solely for the limited purpose of allowing the producing Party to make copies as set forth below in Section 11(c). Additionally, except as otherwise provided herein, the stand-alone computer may only be located at the offices of the producing Party's outside counsel or its vendors or another location mutually agreed to by the Parties.

(b)    To facilitate review of the Source Code Material, the receiving Party may use reasonable software tools on the stand-alone computer, which shall be installed by the producing Party, including Understand

---

[2] Access to and disclosure of Protected Material designed as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE is also subject to the additional restrictions of Section 11.

(https://licensing.scitools.com/download);                                    DocFetcher
(http://docfetcher.sourceforge.net/en/download.html);                         Notepadqq
(https://notepadqq.com/wp/download/);                                              Evince
(https://wiki.gnome.org/Apps/Evince/Downloads);      Beyond      Compare
( https://www.scootersoftware.com/download.php);          and      OpenOffice
( https://www.openoffice.org/download/).    The producing Party shall install
additional licensed copies of software tools provided and paid for by the
receiving Party prior to a duly-noticed inspection, provided that the appropriate
software tools and licenses are provided by the receiving Party at least two
business days prior to a properly noticed inspection.    The producing Party shall
promptly notify the receiving Party if there are any technical difficulties or
problems with installing the software tools and the Parties shall work together
cooperatively to ensure proper installation when feasible.

(c)    The stand-alone computer shall be equipped to allow "printing" or the saving of
Source Code Material to PDF such that identified sections of code may be saved
to a designated folder location on the stand-alone computer.    The receiving Party
may not print or save to PDF any continuous block of source code that results in
more than 25 consecutive pages.    No more than 10% or 500 pages of the total
Source Code Material (not including copies of originals), whichever is greater,
may be in printed or saved form at any one time, without the express written
consent of the producing Party, which shall not be unreasonably denied.    Any
Source Code Material printed or saved to PDF must include, where available, (1)
directory path information and filenames from which the Source Code Material
came and (2) line numbers.    The producing Party may refuse to provide copies of
Source Code Material that fail to comply with this Section.    Copies of Source
Code Material printed or saved to the designated folder location on the stand-
alone computer will be physically printed by the producing Party on watermarked
or colored Bates-numbered paper.    Production to the receiving Party is to be
completed within three (3) business days of the saved PDF material being
provided to the producing Party.

(d)    The receiving Party shall be permitted to make a reasonable number of photocopies
of Source Code Material produced to it further to Section 11(c), which shall
presumptively be a total of ten (10), all of which shall be designated and clearly
labeled "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE
CODE," and the receiving Party shall maintain a log of all such files that are
photocopied.    In addition, the receiving Party may make copies of excerpts for
the sole purpose of providing these excerpts in a pleading, exhibit, demonstrative,
expert report, or other Court document filed with the Court under seal in
accordance with the Court's rules, procedures and orders (or drafts thereof) and
should designate each such document CONFIDENTIAL - OUTSIDE
ATTORNEYS' EYES ONLY SOURCE CODE.    Each such excerpt shall be no
longer than is reasonably necessary. The receiving Party shall provide notice to
the producing Party or its counsel at the time of submission or filing for each
occasion on which it submits portions of Source Code Material in a pleading or
other Court document.    In the event copies of Source Code Material are used as

exhibits in a deposition or during trial, such copies shall not be counted in the presumptive limit on the number of photocopies, printouts shall not be provided to the court reporter, and any copies of the Source Code Material made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial. The original copies of deposition exhibits designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" will be maintained by the deposing party under the terms set forth in this Protective Order.

(e)     Other than as may be required to prepare, serve, or file a document pursuant to Section 11(d), including routine use of automated backup software in the preparation of such documents, hard copies of Source Code Material may not be converted into an electronic document.  In addition, Source Code Material may not be scanned or otherwise processed using optical character recognition ("OCR") technology.

(f)     The receiving Party's access to the stand-alone computer will be limited to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.   Following the receiving Party's first access of the Source Code Material, the receiving Party shall notify the producing Party at least three (3) business days in advance of any subsequent visits.  If the stand-alone computer is not reasonably available during a requested inspection period (*e.g.*, due to space constraints, holidays, etc.), the producing Party shall promptly notify the receiving Party and the Parties shall work together cooperatively to identify the next available inspection time period.

(g)     Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) (hereinafter, "Authorized Reviewers").

(h)     The receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code Material.  The producing party

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

is permitted to implement reasonable security measures on Authorized Reviewers including prohibiting Authorized Reviewers from bringing mobile phones and laptops that include camera or scanning ability into the room housing the stand-alone computer, as well as posting a representative of the producing Party outside the room to control access to the same.  The producing Party shall, however, provide a functioning landline telephone in the room housing the stand-alone computer and make available a nearby breakout room or visitor office with internet access where cellular phones and laptops may be used by the receiving party.  The producing Party may not monitor the Authorized Reviewers in the room housing the stand-alone computer or in the breakout room.

(i)     An Authorized Reviewer shall be entitled to take notes relating to the Source Code Material, including file names, function names, and brief descriptions, but may not copy the Source Code Material into the notes.  If any Authorized Reviewer(s) reviewing Source Code Material seeks to take notes, all such notes can be taken on bound (spiral or other type of permanently bound) notebooks or on the stand-alone computer, which will include access to OpenOffice for such note taking purposes.  Without the express permission of the Authorized Reviewer who took the notes, notes taken by an Authorized Reviewer on a stand-alone computer shall not be accessed, reviewed, or opened in any way by producing Party or any person other than the Authorized Reviewer who took the notes and outside counsel for the receiving Party.  Authorized Reviewers will also be permitted to receive electronic copies of notes taken on the stand-alone computer.  Upon request, the producing Party shall transmit, in a secure format (*e.g.*, by secure FTP), the notes taken on the stand-alone computer to the receiving Party within two (2) business days.  Electronic copies of notes shall, at all times, be saved in a secured medium, such as a password protected file or encrypted and password protected thumb drive, CD, or DVD.  Access to such notes shall be granted exclusively to Authorized Reviewers and outside counsel for the receiving Party and passwords shall only be available to or disseminated to such Authorized Reviewers and outside counsel for the receiving Party.

(j)     If the receiving Party's outside counsel, consultants, or experts obtain photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or

photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k)     The receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each copy of each producing Party's Source Code Material is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this Action, the receiving Party must serve upon the producing Party the log. In addition, within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this Action, any outside consultants or experts of the receiving Party to whom the copies of the Source Code Material were provided must certify in writing that all copies of the Source Code Material were destroyed or returned to the counsel who provided them the information and that they will make no use of the Source Code material, or of any knowledge gained from the Source Code Material in any future endeavor.

(l)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(g) above to another person authorized under paragraph 11(g) above.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material  that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order at any time, other than financial materials not of a technical nature, and other than where the producing party provides such HIGHLY SENSITIVE MATERIAL to such person in their capacity as a witness at deposition or during the course of any trial or hearing in this action, shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application relating to the functionality, operation, and design of secure portable audio or

10

video streaming devices during the pendency of this Action and for one year after its conclusion, including any appeals.[4]   Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a post-grant PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s) in any such post-grant PTO proceeding.

13.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.    There shall be no disclosure of any DESIGNATED MATERIAL by any person

---

[4] The scope of the prosecution/amendment bar applying to "secure portable audio or video streaming devices" shall not be construed as an admission on the part of Roku, express or implied, that the Patents-in-Suit appropriately relate to this field.

authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period after receipt of a deposition or hearing transcript, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

17.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.    The Order applies to pretrial discovery.   Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is

proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents,

information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL in possession of the receiving Party, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced

15

so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Nothing in this Order shall restrict in any way a producing party's use or disclosure of its own DESIGNATED MATERIAL.  Nothing in this Order shall restrict in any way any party, person, or non-party when the DESIGNATED MATERIAL: (i) is or has become publicly known through no fault of the receiving party, person, or non-party; (ii) is lawfully acquired by or known to the receiving party, person, or non-party independent of the producing party; (iii) has been previously produced, disclosed, and/or provided by the producing party to the receiving party, person, or non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) has been produced, disclosed, and/or provided to the receiving party, person, or non-party with the consent of the producing party; or (v) has been previously produced, disclosed, and/or provided to the receiving party, person, or non-party pursuant to an order of the Court.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

It is SO ORDERED this ___ day of _____, 2022.

_____
Alan D. Albright
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| IOENGINE, LLC, | § | |
| Plaintiff/Counterclaim Defendant | § | |
| | § | |
| v. | § | Civil Action No. 6:21-cv-01296-ADA-DTG |
| | § | |
| ROKU, INC., | § | |
| Defendant/Counterclaim Plaintiff. | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

"CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

A-2