**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| IOENGINE, LLC, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) C.A. No. 6:21-cv-01296-ADA-DTG |
| | ) |
| ROKU, INC., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) Jury Trial Demanded |
| | ) |

**IOENGINE, LLC'S MOTION TO STRIKE NEW FACTS AND ARGUMENT RAISED IN
REPLY OR ALTERNATIVELY FOR LEAVE TO FILE A SUR-REPLY**

**CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  LEGAL STANDARD .................................................................................................... 2

III. ARGUMENT ................................................................................................................. 2

    A.   **Roku's Reply Includes New Facts and Argument Relating to its Proposed Sony KF-50XBR800 Television Supplement** ......................................................... 3

    B.   **Roku's Reply Includes New Facts and Argument Relating to its Proposed PRISMIQ Media Player Supplement**............................................................ 3

    C.   **Roku's Reply Includes New Facts and Argument Relating to its Proposed Pocket PC Supplement**.................................................................................. 4

    D.   **Roku's New Facts and Argument in Reply Prejudice IOENGINE** .......................... 4

IV.  CONCLUSION ............................................................................................................. 5

# AUTHORITIES

Cases

*Jones v. Cain*,
  600 F.3d 527 (5th Cir. 2010) ................................................................................................. 1, 2

*Lopez v. Progressive County Mutual Insurance Company*,
  19-cv-380, 2019 WL 4876960 (W.D. Tex. Oct. 2, 2019), *report and recommendation accepted*, 2019 WL 9197836 (W.D. Tex. Dec. 11, 2019) ........................................................... 1

*Medina v. Comm'r of Soc. Sec. Admin.*,
  No. 5:17-cv-0932-OLG-RBF, 2019 WL 2565262 (Mar. 14, 2019) ........................................... 4

*Petty v. Portofino Council of Coowners, Inc.*,
  702 F. Supp. 2d 721 (S.D. Tex. 2010) ....................................................................................... 2

*Primacy Engineering, Inc. v. SAN Engineering*,
  18-cv-129, 2018 WL 3520143 (W.D. Tex. Jul. 20, 2018) ......................................................... 2

*Rainier DSC 1, L.L.C. v. Rainier Capital Management, L.P.*,
  828 F.3d 356 (5th Cir. 2016) ..................................................................................................... 2

*United States v. Feinberg*,
  89 F.3d 333 (7th Cir. 1996) ....................................................................................................... 2

*United States v. Jackson*,
  426 F.3d 301 (5th Cir. 2005) ..................................................................................................... 1

**I.      INTRODUCTION**

IOENGINE, LLC ("IOENGINE") moves to strike new facts and argument that Roku raises for the first time in Reply on its Motion for Leave to Serve the Supplemental Expert Reports of Dr. Samuel Russ and Dr. Ingrid Hsieh-Yee.  *See* D.I. 169 ("Reply").[1]

As described in IOENGINE's Opposition (D.I. 166, "Opposition"), Roku's Motion for Leave (D.I. 164, "Motion.") addresses only those portions of the proposed Second Supplemental Russ Report (the "Proposed Supplement") that relate to HDCP.  *See* Opposition at 1-2.  Roku's Motion entirely ignored the other, substantive additions present in the Proposed Supplement, including the addition of evidence relating to a Sony KF-50XBR800 television, a PRISMIQ MediaPlayer User Guide, and a "PocketPC" reference.  *See* Opposition at 4-7.  Roku's failure to address any of the four required factors for a supplement or to show that its violation of Rule 26 as to these additions was substantially justified or harmless dooms Roku's Motion.[2]  Realizing its mistake, Roku attempts for the first time in its Reply to address those other portions of the Proposed Supplement.  Reply at 3-5.  This belated attempt to raise new arguments in the Reply is improper and should be stricken.  *See, e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

---

[1] IOENGINE met and conferred with Roku on June 23, 2023 in an attempt to resolve this dispute and the parties were unable to reach agreement.  Counsel for Roku advised during that meet and confer that they would not have an answer as to whether they oppose the requested relief until Monday, June 26.  IOENGINE has filed this motion out of an abundance of caution should the Court choose to rule on Roku's Motion for Leave before Roku provides an answer as to whether it will oppose.  If Roku informs IOENGINE and the Court that Roku agrees to withdraw its new arguments offered in its reply brief, IOENGINE will withdraw its motion.

[2] *See, e.g.*, *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.,* 73 F.3d 546, 5772 (5th. Cir. 1996) (listing the required factors); *Maguregui v. ADP, LLC,* 16-CV-121, 2017 WL 5473484, *2 (W.D. Tex. Apr. 10, 2017) (The party seeking to use the untimely disclosed information has the burden of demonstrating that its violation of Rule 26 was substantially justified or harmless.).

In the alternative, to the extent that any of the new facts or arguments raised in Roku's Reply are not stricken, IOENGINE respectfully seeks leave to file to file a brief, 3-page Sur-Reply, which is attached hereto as Exhibit 1.

## II.    LEGAL STANDARD

"Arguments raised for the first time in a reply brief . . . are waived." *Lopez v. Progressive Cnty. Mut. Ins. Co.*, 19-cv-380, 2019 WL 4876960, at *2 (W.D. Tex. Oct. 2, 2019) (quoting *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)), *report and recommendation accepted*, 2019 WL 9197836, at *1 (W.D. Tex. Dec. 11, 2019) (striking section of reply brief raising new argument); *Primacy Eng'g, Inc. v. SAN Eng'g*, 18-cv-129, 2018 WL 3520143, at *2 n.2 (W.D. Tex. Jul. 20, 2018) (quoting *Jones*, 600 F.3d at 541); *see also, e.g.*, *Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 356, 361 (5th Cir. 2016) (finding new argument in reply is "too late and is not properly before the court").[3]

## III.    ARGUMENT

In filing its Motion, Roku bore the burden of justifying all of the new opinions in the Proposed Supplement.  However, Roku chose to discuss only the portions of the Proposed Supplement that relate to HDCP.  In doing so, Roku made the affirmative decision not to make *any* argument that Dr. Russ's other additions relating to a Sony KF-50XBR800 television, a PRISMIQ MediaPlayer User Guide, and a "PocketPC" reference are justified and did not provide the Court with *any* analysis under the required four-factor test as to why those portions of the

---

[3] Other courts, both within and outside the Fifth Circuit, agree: "[T]he scope of the reply brief must be limited to addressing the arguments raised by the [response]," as such, "new issues brought in [a] reply brief" are properly disregarded.  *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010) (citing *United States v. Feinberg*, 89 F.3d 333, 340–41 (7th Cir. 1996) (finding "rais[ing] [a new] issue in … reply brief was improper")).

2

proposed supplement should be allowed. *See* Opposition at 4. Roku cannot now remedy those deficiencies—which are fatal to Roku's Motion—by belatedly including them in Reply where IOENGINE has no chance to rebut. Roku's Reply arguments regarding the Sony, PRISMIQ, and PocketPC additions should be stricken.

### A. Roku's Reply Includes New Facts and Argument Relating to its Proposed Sony KF-50XBR800 Television Supplement

The Proposed Supplement adds a paragraph of new material relating to the alleged public availability and prior art status of a Sony KF-50-XBR800 television. *See* D.I. 164-5 at 4 n.3 (adding new material and alleging that "the Sony KF-50XBR800 television set is prior art to the asserted patents"). Neither that paragraph or the documents cited within were presented in Dr. Russ's original or first supplemental reports. Yet Roku makes no attempt to justify this addition in its original Motion; in fact, the word "Sony" appears *nowhere* in the Motion, nor does Roku cite to, quote, or address *any* of the language from this proposed new paragraph. IOENGINE raised this critical failure in Opposition, *see* Opposition at 4-5, and Roku's belated attempt to justify this supplementation is improper.

### B. Roku's Reply Includes New Facts and Argument Relating to its Proposed PRISMIQ Media Player Supplement

Roku's Proposed Supplement also adds new evidence relating to the alleged public availability and prior art status of a PRISMIQ Media Player User Guide. *See* D.I. 164-5 at 6 n.5. Once again, that footnote, and the documents cited within, are not present in Dr. Russ's original or first supplemental reports. And once again, Roku's Motion made no attempt to justify this addition. In fact, in its Motion, the word "PRISMIQ" appears only in relation to the proposed Supplemental *Hsieh-Yee* Report, *not* the Russ report.

### C. Roku's Reply Includes New Facts and Argument Relating to its Proposed Pocket PC Supplement

Finally, the Proposed Supplement adds a paragraph of new material relating to the alleged public availability and prior art status of a "Pocket PC" reference. *See* D.I. 164-5 at 7 n.6 (alleging that "PocketPC was freely available for purchase no later than September 12, 2003"). That paragraph, and the documents cited within, are not present in Dr. Russ's original or first supplemental reports, yet Roku's Motion makes *no* mention of this additional material. The only references to "PocketPC" in Roku's Motion are in misleadingly alleging that IOENGINE questioned Dr. Russ about PocketPC, Motion at 4-5, not to any analysis of the proposed supplemental material to the Russ report. Roku's Motion does not cite to, quote, or address *any* of the language or new opinions in this proposed new paragraph. It is only in Reply that Roku argues for the first time that it should be allowed. Reply at 4-5.

### D. Roku's New Facts and Argument in Reply Prejudice IOENGINE

Setting aside the merits of Roku's new arguments, which IOENGINE disputes, there is no reason that Roku could not have properly made its arguments regarding the Sony, PRISMIQ, and PocketPC supplements in its Motion, which would have allowed IOENGINE to respond in the normal course. Instead, Roku sandbags IOENGINE, saving these new arguments for Reply and leaving IOENGINE without any opportunity to counter them just as expert discovery closed on June 22, 2023. This is just the latest in a long line of similar conduct by Roku in this case, including trying the same tactic on its motion to transfer venue (*see* D.I. 54), and in serving multiple supplementations to its expert reports. When Roku previously attempted to add new argument in a reply brief, the Court granted IOENGINE leave to file a sur-reply to counter those arguments. *See* Text Order, Sept. 21, 2022. Roku now chooses to do the exact same thing, forcing IOENGINE to again seek relief from the Court. The Court should take note of Roku's repeat offender status,

deem Roku's new arguments waived, and strike them.  *See, e.g.*, *Medina v. Comm'r of Soc. Sec. Admin.*, No. 5:17-cv-0932-OLG-RBF, 2019 WL 2565262, at *1 fn.1 (Mar. 14, 2019) ("Plaintiff concedes that his … argument was raised for the first time in his reply brief…Arguments raised for the first time in a reply brief are generally waived").

The prejudice to IOENGINE as a result of Roku's improper, late argument is real, as IOENGINE is prevented from explaining to the Court the errors in Roku's analysis.  Accordingly, all arguments in the Reply relating to Sony, PRISMIQ, and PocketPC supplements should be struck.

## IV.   CONCLUSION

For all of the reasons discussed above, IOENGINE respectfully requests that all argument in Roku's Reply relating to the Sony, PRISMIQ, and PocketPC supplements (Reply at 3-5) be struck in their entirety as presenting improper new argument on reply.  Alternatively, should the Court decide to allow Roku's late argument, IOENGINE respectfully requests that it be allowed to respond in the form of the attached proposed sur-reply.

Respectfully submitted,

Dated:  June 23, 2023

*/s/ Gregory T. Chuebon*
Noah M. Leibowitz (*pro hac vice*)
NYSBA: 3034980
Gregory T. Chuebon (*pro hac vice*)
NYSBA: 4589057
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
(212) 698-3599 (fax)
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

Jeffrey B. Plies
SBOTX: 24027621

Derek J. Brader (*pro hac vice*)
PBA:  312513
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, PA  19104
(215) 994-4000
(214) 994-2222 (fax)
derek.brader@dechert.com

Michael H. Joshi (*pro hac vice*)
SBCA:  302184
DECHERT LLP
3000 El Camino Real

5

| | |
|---|---|
| DECHERT LLP<br>515 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>(512) 394-3000<br>(512) 394-3001 (fax)<br>jeff.plies@dechert.com | Five Palo Alto Square, Suite 650<br>Palo Alto, CA 94306<br>(650) 813-4800<br>(650) 813-4848 (fax)<br>michael.joshi@dechert.com |

*Counsel for Plaintiff and Counterclaim Defendant IOENGINE, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas, Waco Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

*/s/ Gregory T. Chuebon*
Gregory T. Chuebon

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties met and conferred in a good-faith attempt to resolve the matter by agreement on June 23, 2023, and were unable to reach agreement. W.D. Tex. Loc. R. CV-7(g).

*/s/ Gregory T. Chuebon*
Gregory T. Chuebon
