IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IOENGINE, LLC,<br>　　　*Plaintiff/Counterclaim Defendant,*<br>v.<br>ROKU, INC,<br>　　　*Defendant/Counterclaim Plaintiff.* | C.A. No. 6:21-cv-01296-ADA-DTG |

ORDER CONCERNING FINAL PRETRIAL CONFERENCE MOTIONS

Before the Court are the parties' respective Motions for Summary Judgment, *Daubert* Motions, Motions to Strike, and Motions in *Limine*. The Court held a Final Pretrial Conference concerning these motions on September 19, 2023.

It is hereby ORDERED as follows:

**Motions for Summary Judgment:**

| Motion | Oral Argument/Submission on the Papers |
|---|---|
| IOENGINE, LLC's Motion for Summary Judgment of No Invalidity Due to Patent Ineligible Subject Matter Under 35 U.S.C. § 101 (ECF Nos. 190, 225, 255) | GRANTED |
| Roku, Inc.'s Omnibus Motion for Summary Judgment (ECF Nos. 201, 248, 251) which comprises:<br>1. No corroboration of 2001 conception date;<br>2. No written description of (a) a portable device that can directly communicate with a communications network, and (b) a key exchange between the portable device and the terminal;<br>3. Non-infringement based on terminals; and<br>4. Non-infringement based on processors/CPU | Roku's Motion for Summary Judgment 1: DENIED<br><br>Roku's Motion for Summary Judgment 2(a): DENIED<br><br>Roku's Motion for Summary Judgment 2(b): DENIED<br><br>Roku's Motion for Summary Judgment 3: DENIED<br><br>Roku's Motion for Summary Judgment 4: DENIED |

### *Daubert* Motions and Motions to Strike:

| Motion | Oral Argument/Submission on the Papers |
|---|---|
| IOENGINE, LLC's Corrected Motion to Strike Certain PRISMIQ-Related Opinions, Witnesses, Declarations, and Evidence (ECF Nos. 206, 228, 256) | DENIED |
| Roku, Inc.'s *Daubert* Motion to Exclude Opinions of Dr. Shamos Regarding Alleged Conception (ECF Nos. 188, 221, 252) | DENIED |
| IOENGINE's Motion Strike Portions of The Expert Report of Samuel H. Russ on Invalidity of U.S. Patent Nos. 10,447,819 and 10,972,584 (ECF Nos. 195, 230, 259) | DENIED, except the parties are allowed additional discovery to address the issues raised in this motion. |
| Roku, Inc.'s Motion to Exclude Certain Opinions of Walter Bratic and Michael Shamos, Ph.D. (ECF Nos. 202, 219, 249) | DENIED |
| IOENGINE, LLC's Motion to Limit Testimony of Roku's Expert on Damages, Lauren Kindler (ECF Nos. 204, 226, 257) | DENIED with respect to Ms. Kindler's reliance on licenses.<br>DENIED without prejudice to renew the issue of the scope of potential non-infringing alternatives and relevant advertising revenue. |
| Roku Inc.'s Motion to Strike Dr. Shamos' Reliance on Terminal Television Theory and Vizio TV (ECF Nos. 189, 223, 253) | DENIED |
| IOENGINE, LLC's Corrected Motion to Limit Expert Testimony of Roku's Expert on Non-Infringement, Dr. Samuel H. Russ (ECF Nos. 205, 231, 260) | Deferred pending a "mini Markman" hearing regarding the meaning of "terminal." |
| Roku Inc.'s Motion to Strike Dr. Shamos' Reliance on Doctrine of Equivalents (ECF Nos. 199, 222, 250) | GRANTED, except the parties are allowed additional discovery to address the issues raised in this motion. |
| IOENGINE, LLC's Motion to Limit the Testimony of Ingrid Hsieh-Yee, Ph.D. (ECF Nos. 193, 227, 258) | DENIED |
| Roku's Motion to Exclude the Opinions of Keith Webster in Response to the Expert Report of Ingrid Hsieh Yee, Ph.D. (ECF Nos. 196, 220, 254) | DENIED |
| Roku's Motion for Leave to Serve Supplemental Expert Reports (ECF Nos. 164, 166, 169) | GRANTED, except the parties are allowed additional discovery to address the issues raised in this motion. |
| IOENGINE's Motion to Strike New Facts and Argument Raised in Reply or Alternatively for Leave to File a Sur-Reply (ECF Nos. 171, 180, 185) | DENIED |

| Motion | Oral Argument/Submission on the Papers |
|---|---|
| Roku's Motion for Leave to Serve Reply Expert Reports of Kindler and Russ (ECF Nos. 175, 183, 207) | GRANTED, except the parties are allowed additional discovery to address the issues raised in this motion. |

### Motions *in Limine*:

| Motion | Status of MILs |
|---|---|
| IOENGINE MIL No. 1: Preclude evidence, testimony, and argument relating to unasserted or withdrawn claims, art, and theories. (ECF Nos. 285, 289, 299) | GRANTED |
| IOENGINE MIL No. 2: Preclude fact witness testimony comparing accused products, asserted claims, and prior art. (ECF Nos. 285, 289, 299) | GRANTED, except that Roku engineers may testify about the operation of the accused products without comparing them to the claim language or prior art, and Mr. McNulty may testify about the patents in suit and claim language but may not testify as to the accused products.  PRISMIQ witnesses may testify about the operation of the PRISMIQ products without comparing them to the claim language, the accused products, or other alleged prior art. |
| IOENGINE MIL No. 3: Preclude evidence, testimony, and argument relating to Roku's investments, employment and contributions to the U.S., Texas and this District. (ECF Nos. 285, 289, 299) | DENIED |
| IOENGINE MIL No. 4: Preclude evidence, testimony, and argument regarding unrelated Fuji litigation and allegations of "fraud." (ECF Nos. 285, 289, 299) | GRANTED - This motion was agreed by the parties and is therefore granted as follows:<br><br>The parties are precluded from introducing evidence, testimony, or argument regarding unrelated Fuji litigation and allegations, including of "fraud" and from using the word "fraud" before the jury, provided that IOENGINE's witnesses makes no reference to any awards that were awarded to Mr. McNulty by Fuji, *i.e.*, the Golden Disk Award or the Fuji Visionary Award. This agreed motion *in limine* does not preclude Mr. McNulty from providing testimony about industry awards (*e.g.*, Gold Lion, Addy, MarCom, Webby, and Business Performance |

| Motion | Status of MILs |
|---|---|
| | Management "Vision" Award (for work on a rebate system), government awards, awards from third parties, or awards unrelated to his work at Fuji. |
| IOENGINE MIL No. 5: Preclude demonstrations that were not previously disclosed or are of non-prior art devices. (ECF Nos. 285, 289, 299) | DENIED |
| ROKU MIL No. 1: Exclude any reference, suggestion, testimony, or argument regarding hardship caused by Scott McNulty's investment in the alleged prototype development process. (ECF Nos. 284, 290, 300) | GRANTED - This motion was agreed by the parties and is therefore granted as follows:<br><br>The parties are precluded from introducing evidence, testimony, or argument regarding the source of Mr. McNulty's funding of his investment in any prototype devices. This agreed motion in limine does not preclude the parties from introducing evidence, testimony, or argument regarding the dollar amounts that Mr. McNulty spent or invested with regard to prototype devices but does preclude testimony using descriptors as to alleged personal difficulty or hardship in connection with the same, as well as any discussion of how Mr. McNulty obtained the amounts spent or invested. |
| ROKU MIL No. 2: Exclude any reference, suggestion, testimony, or argument regarding any awards won by Mr. McNulty in connection with his contributions to Fuji projects or other endeavors while employed at Fuji, as well as any other awards that are unrelated to the asserted patents including, but not limited to, the Webby award and the Vision award. (ECF Nos. 284, 290, 300) | GRANTED - This motion was agreed by the parties and is therefore granted as follows:<br><br>The parties are precluded from introducing evidence, testimony, or argument regarding unrelated Fuji litigation and allegations, including of "fraud" and from using the word "fraud" before the jury, provided that IOENGINE's witnesses makes no reference to any awards that were awarded to Mr. McNulty by Fuji, *i.e.*, the Golden Disk Award or the Fuji Visionary Award. This agreed motion *in limine* does not preclude Mr. McNulty from providing testimony about industry awards (*e.g.*, Gold Lion, Addy, MarCom, Webby, and Business Performance Management "Vision" Award (for work on a rebate system), government awards, awards from third parties, or awards unrelated to his work at Fuji. |

| Motion | Status of MILs |
|---|---|
| ROKU MIL No. 3: Exclude any reference, suggestion, testimony, or argument related to jury verdicts and/or the introduction of settlement agreements from prior litigations. (ECF Nos. 284, 290, 300) | GRANTED, except that relevant testimony, argument, or documents related to settlement agreements disclosed in a damages report is permitted. |
| ROKU MIL No. 4: Exclude any testimony, argument, documents, or any other evidence regarding the inspection of the MediKey prototype device that was conducted during prior litigation(s). (ECF Nos. 284, 290, 300) | DENIED |
| ROKU MIL No. 5: Exclude testimony, argument, documents, or any other evidence related to any prototype device for any purpose other than to show alleged diligence, including exclusion of any testimony or argument that the prototype devices evidence conception of the Asserted Claims. (ECF Nos. 284, 290, 300) | GRANTED, except that testimony, argument, documents, or other evidence related to any prototype device for purposes of conception or diligence is permitted. |

**IT IS SO ORDERED** this 27th day of September, 2023

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE