**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| IOENGINE, LLC,<br>             Plaintiff,<br><br>v.<br><br>ROKU, INC.,<br>             Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:21-cv-01296-ADA |

**NOTICE PROVIDING UPDATES REGARDING RELATED PROCEEDINGS**

In accordance with this Court's Standing Order Governing Proceedings (OGP), IOENGINE, LLC ("IOENGINE") respectfully submits this update to inform the Court of the resolution of two *ex parte* reexamination proceedings filed by Roku, Inc. ("Roku") that relate to the two patents-in-suit.  In short, the United States Patent and Trademark Office ("USPTO") has now confirmed the patentability of all challenged claims in U.S. Patent Nos. 10,972,584 ("the '584 patent") and 10,447,819 ("the '819 patent"), which includes all claims at issue in this case. Reexamination decisions may not be appealed by the requestor, *i.e.*, Roku, and IOENGINE expects reexamination certificates to issue shortly.

Regarding the '584 patent, on September 2, 2023, Roku filed a request for *ex parte* reexamination of claims 1-99 based on various combinations of more than a dozen references. Roku had previously and unsuccessfully attempted to challenge the '584 patent in *inter partes* review, but the USPTO did not institute those proceedings. The reexam was granted and, following continued prosecution, the Examiner issued a Final Rejection that found all claims not patentable on February 11, 2025.  IOENGINE appealed to the Patent Trial and Appeal Board ("PTAB") and filed its opening appeal brief on July 10, 2025.  On March 3, 2026, the Examiner retracted the

rejection, deemed all claims patentable over all asserted references, and issued a Notice of Intent to Issue an *Ex Parte* Reexamination Certificate (attached as Exhibit A).

Regarding the '819 patent, on September 2, 2023, Roku filed a request for *ex parte* reexamination of claims 184-192 based on similar combinations of references as in the '584 patent reexam. Again, Roku had previously and unsuccessfully attempted to challenge the '819 patent in *inter partes* review, but the USPTO did not institute those proceedings. The reexam was granted and, following continued prosecution, the Examiner issued a Final Rejection that found all claims not patentable on February 14, 2025. IOENGINE appealed to the PTAB, the appeal was fully briefed on May 5, 2026, and a hearing was held at the USPTO on July 7, 2026. On July 22, 2026, the PTAB issued a decision reversing the Examiner and finding that all challenged claims are patentable over all asserted references (attached as Exhibit B).

As an additional update, Roku filed an action under the Administrative Procedure Act on April 27, 2026 in the United States District Court for the Eastern District of Virginia challenging the USPTO's decision to terminate the '584 patent reexam "without reasoned explanation and in direct contradiction of the agency's own prior findings." *Roku, Inc. v. USPTO*, 1:26-cv-1127 (MSN/WBP), Dkt. 1, at 1 (E.D. Va. 2026) (attached as Exhibit C). Roku alleges that the USPTO did not "adequately explain[] its analysis" in the '584 patent reexam and came to a different conclusion than it did in the '819 patent reexam even though they purportedly involve "the same basic issues." *Id.* at 2-3. At the time the lawsuit was filed, the challenged claims of the '819 patent had been deemed not patentable by the Examiner at the USPTO, but the PTAB has now reversed that determination, such that the USPTO is now consistent in its ultimate determination of patentability of the claims of both the '584 and '819 patents. On July 6, 2026, the USPTO filed a motion to dismiss Roku's action for lack of subject matter jurisdiction (attached as Exhibit D).

The case remains pending, although it is substantially mooted by the PTAB's July 22, 2026 decision.

Dated:  July 27, 2026

Respectfully submitted,

Noah M. Leibowitz (*pro hac vice*)
NYSBA: 3034980
Gregory T. Chuebon *(pro hac vice)*
NYSBA: 4589057
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
(212) 698-3599 (fax)
noah.leibowitz@dechert.com
greg.chuebon@dechert.com

Jeffrey B. Plies
SBOTX: 24027621
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
(512) 394-3001(fax)
jeff.plies@dechert.com

Michael H. Joshi *(pro hac vice)*
SBCA: 302184
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Pal0 Alto, CA 94306
(650) 813-4800
(650) 813-4848 (fax)
michael.joshi@dechert.com

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON &
VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5091

Derek J. Brader *(pro hac vice)*
PBA: 312513
DECHERT LLP
Cira Center
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
(214) 994-2222 (fax)
derek.brader@dechert.com

*Attorneys for Plaintiff and Counterclaim Defendant IOENGINE, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a), on this the 27th day of July 2026.

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth